Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 8897 | DATE | August 28, 2000 |
| CASE TITLE | Dwayne Sanders v. Michael Sheahan, et al. | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the memorandum opinion, plaintiff's motion to vacate [57-1] is denied. The clerk is directed to remove defendants' motion for clarification [48-2] from the court's motion tracking system because that motion was addressed in the court's order of February 9, 2000.

(11) ■ For further detail see order attached to the original minute order.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DWAYNE SANDERS,  )
 )
   Plaintiff,  )
 )  No.  97 C 8897   **DOCKETED**
v.  )
 )  Judge  Wayne R. Andersen   SEP 0 5 2000
STATE OF ILLINOIS, et al.,  )
 )
   Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Dwayne Sanders has sought leave to amend his complaint to add as additional defendants the Cook County Public Defender, Rita Fry, and the Public Defender's Office. He alleges that because the Public Defender's Office did not protect his rights at his preliminary hearing and did not inform him that he had the right to reopen the preliminary hearing, he was unlawfully detained in the Cook County Jail for eight months. By order dated May 12, 2000, the court denied the motion, and Sanders has filed a "Motion to Vacate," asking the court to reconsider that ruling. The motion is denied, and this memorandum will be the court's final explanation of its ruling.

Sanders' proposed claim essentially restates Part One of the original complaint in which he alleged that Illinois law and customary procedure limits the role of public defenders at preliminary hearings to cross-examining the state's witnesses after little, if any, preparation, rather than investigating the defendant's case and calling witnesses on his behalf. Sanders has also alleged that his public defender did not tell him that it was possible to move to reopen the preliminary hearing. Sanders had named as defendants the State of Illinois (which the Eleventh Amendment protects from suit in federal court), the Cook County Board of Commissioners, Cook County Sheriff Michael Sheahan, the head of the Cook County Department of Corrections, Ernesto Velasco, and "unknown defendants." None of the defendants named in the original complaint had anything to do with this alleged constitutional violation. Part Two of the complaint attempted to allege

interference with Sanders' access to the courts and challenged Sanders' conditions of confinement at the Cook County Jail.

On February 20, 1998, the court conducted an initial review of the complaint as required by 28 U.S.C. § 1915A. The court granted Sanders leave to proceed in forma pauperis, but dismissed Part One with prejudice, stating:

> The Eleventh Amendment bars a suit against the State of Illinois in federal court. Sanders' claim that Illinois' procedure for preliminary hearings is constitutionally defective is probably meritless, but in any case is brought against the wrong defendants. Further, as Sanders has already been tried and convicted, he lacks standing to sue for injunctive relief and qualified immunity would bar a damage claim. Part One of the complaint is accordingly dismissed with prejudice, and the State of Illinois is dismissed as a defendant.

The court also dismissed with prejudice Sanders' access to the court claim in Part Two because Sanders had not alleged actual prejudice resulting from denial of access. The court dismissed the conditions claims in Part Two but without prejudice, directing Sanders to file an amended complaint by March 27, 1998, alleging facts explaining what each defendant did or did not do and alleging facts from which each defendant's deliberate indifference could be inferred.

On February 23, 1998, Sanders sought leave to file an amended complaint adding as defendants Fry and the Public Defender's Office, as well as the Illinois General Assembly. The court denied this motion on March 9, 1998, because it was unresponsive to the court's direction to allege specific facts in support of his conditions of confinement claims. When Sanders failed to file an amended complaint in compliance with the court's directions, the court dismissed the suit on April 15, 1998.

On May 4, 1998, Sanders filed a motion for reconsideration together with an amended complaint. Because this new filing still failed to respond to this court's concerns as set forth in its previous order, the court denied the motion to reconsider on May 11, 1998, and Sanders appealed.

2

In a partially unpublished opinion dated November 24, 1999, *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999)[1], the Court of Appeals affirmed in part, reversed in part, and remanded. The Court of Appeals affirmed the dismissal of Part One, and the dismissal of Sanders' access to the courts claim as well as a claim of denial of medical care in Part Two. The Court of Appeals reversed as to certain conditions of confinement claims in Part Two, holding that this court had erred in requiring more specific allegations. These claims are currently proceeding on remand. The question raised by Sanders' motion is whether he can revive the due process claims of Part One.

The Court of Appeals clearly affirmed the dismissal of the original Part One:

> Finally, as for the claims that Sanders raises in Part One of his complaint, the district court properly dismissed the State of Illinois as a defendant. The Eleventh Amendment prohibits an individual from suing a state in federal court. *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir.1997). The Supreme Court has extended Eleventh Amendment immunity to damages suits against state officials in their official capacity. *Id.* Since Sanders is no longer a pretrial detainee he may not sue for injunctive relief. Thus, Part One of Mr. Sanders' complaint was properly dismissed.

*Sanders*, 198 F.3d at 630. The Court of Appeals did not address Sanders' attempt to amend Part One, but only stated, with respect to Sanders' conditions of confinement claims, "to the extent that Sanders has alleged deprivations that are objectively serious, however, he should be allowed a reasonable opportunity to identify unnamed defendants and amend his complaint." *Id.* at 629.

Sanders asked the Court of Appeals to recall its mandate and rule on the denial of his motion to amend that would have revived Part One and added additional defendants. The Court of Appeals denied the motion as unnecessary, stating:

> In the court's order of November 24, 1999, we concluded that the district court erred in dismissing some of the claims raised in the complaint and thus remanded the case for further proceedings. Consequently, should [Sanders] wish to pursue amendment of his complaint he may proceed in the district court.

Unpublished Order of February 29, 2000 (copy attached to motion).

---

[1] Although the court denominated the second part of the opinion an "Unpublished Order" not to be cited as precedent under Circuit Rule 53, it was nevertheless published in the Federal Reporter.

3

Sanders contends that this language somehow requires this court to accept his proposed amendment, but the court disagrees. The Court of Appeals did not hold that this court erred in denying Sanders' earlier motion to amend, and there was no mention in the opinion of reviving Part One of the complaint by adding additional defendants, as Sanders had sought to do. Sanders' earlier motion had only sought injunctive relief; as the Court of Appeals agreed that this was unavailable because Sanders was not facing prosecution, the order must be understood as affirming this court's rejection of Sanders' original amendment of Part One.

The order of the Court of Appeals means no more than that Sanders may seek leave to amend the complaint after remand, subject to the exercise of this court's judgment and discretion. The present motion will consequently be treated as a new motion to amend the complaint, not a revival of Sanders' 1998 motion. That in turn means that Sanders' claim, which arose in December of 1996, would now be barred by the two-year limitation period unless the amendment would relate back to the filing of the complaint.

Rule 15(c)(3), Fed.R.Civ.P., permits an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake. *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998). Perhaps Fry can be said to have been "misnamed" as the State of Illinois, but it is unlikely that Fry had reason to know this suit had been filed. But assuming that this court should not refuse leave to amend on the presumption that the amendment would not relate back, *see Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996), the court's rejection of the proposed amendment rests on additional grounds.

First, the new claims have nothing to do with the pending ones. The original complaint comprised two lawsuits, one a due-process claim challenging Illinois' preliminary hearing procedure, and the other a number of claims relating to Sanders' confinement at Cook County Jail. Because Sanders named no viable defendant for the due-process claim, the court dismissed it and

treated the remainder as a conditions-of-confinement suit. Sanders could have responded by dropping the conditions claims and amending the complaint to add proper defendants for his due-process claim. Instead, Sanders amended his due-process claim but ignored the court's order to replead his conditions claims, leading to dismissal.

Since Sanders' proposed due-process claim against Fry and the Public Defender's Office has nothing in common with the existing claims, joining Fry as a defendant would violate Rule 20(a), Fed.R.Civ.P., which requires that claims against a new defendant arise out of the same transaction or occurrence (or series of transactions or occurrences) and share a common question of law or fact. It is too late to turn this case into an entirely different one.

Second, and most importantly, the proposed claim would be frivolous. As the court explained in the previous order, Sanders cannot sue his public defender for inadequately representing him, because his public defender was not acting "under color of state law" and cannot be sued under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981). In his motion for reconsideration, Sanders explains that he wishes to attack Illinois' preliminary hearing procedure, not the competence of a particular attorney. Fry is engaged in "state action" when she participates in implementing allegedly unconstitutional state pretrial procedures.

Although Sanders cannot sue Fry for injunctive relief, normally the court will permit a suit to proceed if the plaintiff might be entitled to other relief not specified in the complaint. Fry can presumably be held liable in damages in her individual capacity for following a clearly unconstitutional state statute.[2] (If it is not *clearly* unconstitutional, qualified immunity would shield her from damage claims, as "government officials performing discretionary functions

---

[2] Sanders cannot sue Fry for damages in her official capacity, i.e., sue the "Public Defender's Office." An official capacity suit is effectively a suit against the entity employing the defendant, *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992), *cert. denied*, 508 U.S. 942 (1993), and the Cook County Public Defender, though paid by Cook County, is an employee of the State of Illinois. *Warren v. Stone*, 958 F.2d 1419, 1422-25 (7th Cir. 1992). The Eleventh Amendment bars damage suits against a state in federal court, *Scott, supra*, and neither states nor state officials acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

5

generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). But the bottom line is that the preliminary hearing procedure set forth in 725 ILCS 5/109-3, which provides for examination of the state's witnesses only, is clearly constitutional.

"The scope and purpose of preliminary proceedings are in general to ascertain whether a crime charged has been committed and, if so, whether there is probable cause to believe that the crime was committed by the accused." *People v. P.H.*, 145 Ill.2d 209, 228, 582 N.E.2d 700, 708 (1991). The Constitution requires that an arrestee receive a preliminary hearing before an impartial magistrate within a reasonable time after his arrest in order to determine whether there is probable cause to believe he has committed a crime and should be detained, but the Constitution does not require this to be a full-blown adversary proceeding:

> The sole issue [in a preliminary hearing] is whether there is probable cause for detaining the arrested person pending further proceedings. This issue can be determined reliably without an adversary hearing. The standard is the same as that for arrest. That standard-- probable cause to believe the suspect has committed a crime--traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof.
>
> . . . . .
>
> The use of an informal procedure is justified not only by the lesser consequences of a probable cause determination but also by the nature of the determination itself. It does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt.

*Gerstein v. Pugh*, 420 U.S. 103, 120 (1975) (footnote omitted); *accord, Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994), *cert. denied*, 514 U.S. 1003 (1995)(Fourth Amendment does not require that probable cause hearings be adversarial in nature); *Guenther v. Holmgren*, 738 F.2d 879, 885-86 (7th Cir. 1984), *cert. denied*, 469 U.S. 1212 (1985). Although pretrial detention is a serious loss of liberty, due process does not require the same procedures as are required for a

6

criminal conviction. The accused has the right to have an attorney present at the preliminary hearing, but that does not transform the preliminary hearing into a trial. The Supreme Court has explained the purposes counsel may serve at the preliminary hearing:

> First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

*Coleman v. Alabama*, 399 U.S. 1, 9 (1970). Conspicuously absent is any suggestion that the accused has the right to have his attorney conduct an independent investigation and call witnesses in rebuttal. The right that Sanders so persistently asserts does not exist.

Turning to Sanders' claim of denial of access to the courts, the court stands by its previous ruling, affirmed by the Court of Appeals, that Sanders has not stated a claim. *Lewis v. Casey*, 518 U.S. 343 (1996), requires Sanders to allege an injury over and above the denial, some non-frivolous claim or defense he was unable to raise. *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998). It is simply not enough for him to say that he was unable to challenge his detention if he had nothing substantial to challenge it with. This is particularly so in the context of a probable cause determination, where substantial contrary evidence can be consistent with a finding of probable cause to prosecute.[3]

Finally, Sanders' claim would be doomed even if Sanders had alleged a plausible defense to the finding of probable cause. It appears that the preliminary hearing in question began the

---

[3] Ordinarily, a person asserting a claim of denial of access to the court need only allege a non-frivolous claim, not a winning one, since even dubious civil claims have monetary value. However, there is no monetary bargaining over a prisoner's confinement or prosecution. *See Hoard v. Reddy*, 175 F.3d 531, 533-34 (7th Cir. 1999). Assuming Sanders could proceed at all, arguably he would have to show not only that he had an argument that he could have made, but that he would have prevailed.

7

prosecution that resulted in his conviction.[4/] The conviction establishes the existence of probable cause to prosecute him. Of course, all of the evidence available at the time of trial was not necessarily available at the preliminary hearing, so it is possible that Sanders could have prevailed at the preliminary hearing. Nevertheless, a convicted person who claims he was thwarted in his efforts to defeat a prosecution that was ultimately found to be justified should not have a cause of action for damages. Unlike, say, the right to privacy infringed by an unlawful search, the right of access to the courts is purely instrumental, a means to protect other rights. *See Walters*, 163 F.3d at 434. Sanders, in effect, is claiming that he was deprived of liberty to which he was not entitled.

The motion to reconsider is denied.

IT IS SO ORDERED.

Wayne R. Andersen, Judge
United States District Court

DATED: _____

---

[4/] Sanders alleges that on December 13, 1996 he was arrested and charged with burglary. Public records maintained by the Illinois Department of Corrections show that his time in custody since that date is being applied to a burglary conviction.

8